MARION F. EDWARDS, Judge.
 

 1 ¿Plaintiff/ appellant, Jonah Bernstein (“Berstein”), appeals a summary judgment in favor of defendants/appellees, The Liu Institute and Shawn Liu, dismissing his suit with prejudice.
 

 The matter arises out of an incident that occurred on January 7, 2005, when Bernstein was taking part in a martial arts class as a student of the Liu Institute. Bernstein, who attended Tulane University, alleged that he was struck in the face and head by instructor Patrick Berry (“Berry”) and injured. In his deposition, Bernstein stated that he signed up to take a class with Master (Shawn) Liu (“Liu”), which classes he attended once or twice a week. On January 7, 2005, Berry was the class instructor. Prior to that time, the classes had consisted of non-contact activities, such as stretching and jumping exercises, and form repetition with members of the group. The first contact activity took place on the day of the incident. Bernstein was wearing a helmet, chest gear, and boxing gloves. This | :iwas the first time the class would practice kick boxing with contact. Berry asked if Bernstein was ready to spar, and Bernstein consented.
 

 During the match, the two began to throw and kick at one another. Bernstein took multiple punches and kicks to the right side of his head and forehead, falling to the ground. The match continued for a few minutes until a buzzer sounded. Because Bernstein believed this activity was part of the class, he did not ask Berry to stop. When he was hit very hard, he was dazed, or “out of it.” He was able to climb out of the ring on his own and did not complain of injuries to Berry or anyone at that time. A few days later, he described the incident to a nurse, who told him he would get better. However, he did not report the matter to a doctor for about two months. He suffered intense pain and pressure in his head for some months, with the strongest pain on the right side. This pain did not change after having been struck some time later with a paint gun or when he was again hit in a subsequent sparring match.
 

 As a result of his injuries, Bernstein suffered from headaches, memory loss, nausea, and dizziness. In a medical report from the Tulane Clinic dated April 12, 2005, the examining physician noted that Bernstein reported he had temporarily lost consciousness in the sparring incident and had begun to experience frequent headaches on the right side, along with memory and concentration problems. According to the report, Bernstein had been shot in the head with a paint ball gun about ten days before but experienced no loss of consciousness. The neurological examination was normal, and it was determined that Bernstein had suffered a concussion with post-concussion syndrome accentuated by anxiety. A second consultation with an
 
 *256
 
 other physician in August 2005 described an MRI and a CAT scan, taken earlier, that were normal. That doctor’s impression was that Bernstein | .¡suffered from minimal memory problems secondary to a post-concussion syndrome.
 

 In opposing the Motion for Summary Judgment, Bernstein argued that there were issues of fact regarding adequate supervision of the class and the competency of the instructor. Bernstein further argued there was a breach of duty on the part of Liu and the Liu Institute, as well as on the part of Berry. Finally, Bernstein argued that discovery was incomplete, as the depositions of Liu and Berry had not yet been taken.
 

 The trial court granted summary judgment, reasoning that, in order for Bernstein to recover, he would have to show that Liu breached a duty owed to him by acting in a wanton and reckless disregard for his safety. The court found that Bernstein had voluntarily participated in the match and was fully aware that contact would occur. It further noted that Bernstein participated for the entire bout and did not request the instructor to stop; he exited the ring and never complained to anyone associated with the class that he was injured. The court, thus, found the defendants did not act with a wanton or reckless disregard for Bernstein’s safety.
 

 Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate.
 
 [1]
 
 An appellate court must ask the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is a genuine issue of material fact remaining to be decided, and whether the appellant is entitled to judgment as a matter of law. The appellate court must consider whether the summary judgment is appropriate under the circumstances of the case.
 
 [2]
 

 Under LSA-C.C.P. art. 966(C)(2):
 

 | ¿The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no
 
 genuine
 
 issue
 
 of
 
 material
 
 fact.
 

 The threshold issue in any negligence action is whether the defendant owed the plaintiff a duty, and whether a duty is owed is a question of law.
 
 [3]
 
 Whether the defendant breached that duty and whether that breach was a cause in fact of plaintiffs injuries are factual questions to be determined by the factfinder.
 
 [4]
 

 In the present matter, the trial court granted summary judgment after finding that Liu did not breach any duty owed to Bernstein. In so doing, the court made an impermissible finding of fact in
 
 *257
 
 appropriate in a Motion for Summary Judgment.
 

 The contract between Liu and Bernstein in effect at the time of the incident contained the following provision:
 

 All classes/sections are supervised by qualified personnel trained in the procedures and traditions of the martial arts.... Student understands that during the course of instruction, employees of LIU INSTITUTE INTERNATIONAL and/or other students or authorized persons will be engaged in a course of conduct requiring physical contact ... he/she gives full consent to such contact as is required by the training.... I understand and agree the LIU INSTITUTE INTERNATIONAL will not be held liable for any injuries, damages, etc. caused or not caused by or resulting or not resulting from the negligence of the owners, operators or persons in charge of such establishment, their agents, servants or employees.
 

 | fiSuch provisions are limited under the law. According to LSA-C.C. art.2004, any clause is null that, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party or for causing physical injury to the other party. Liu correctly asserts on appeal that the viability of Bernstein’s action requires the application of- the duty/risk analysis, but contends that, considering the contract, Bernstein cannot establish that Liu breached a duty owed to him, and cannot establish that Liu acted with reckless or total disregard for his safety. We disagree.
 

 The Louisiana Supreme Court has considered an analogous situation in which a corrections officer was injured during an “angry crowd” training exercise.
 
 [5]
 
 There, the plaintiff testified that, when batons were used in previous exercises, they were wrapped and the officers wore protective gear. When he was injured, unpadded batons were used and the officers wore only helmets. Although there was no consent form involved in that case, the court analyzed the duty owed to such plaintiff:
 

 Even assuming arguendo that Cole did initially consent to this harmful touching during the training exercise, we find that under the circumstances of this case, any consent given by Cole was vitiated. When a person voluntarily participates in an altercation, he may not recover for the injuries which he incurs, unless force in excess of that necessary is used and its use is not reasonably anticipated. The use of unnecessary and unanticipated force vitiates the consent.
 
 [6]
 

 The court went on to discuss the evidence and to conclude that the force used against the plaintiff was unnecessary and unanticipated. In the present matter, the Liu Institute and its instructors owed a duty to Bernstein not to engage in unnecessary and/or unanticipated force, and there appear to be questions of material fact as to whether such force was used. There is nothing in the record on 17appeal revealing the usual and/or expected level of activity at the point of instruction when the injury occurred, the force which Bernstein may have reasonably anticipated, or, in fact, the level of force that was actually used.
 

 Further, although Bernstein was, in one sense, participating in a sporting activity, he was enrolled in the Liu Institute as a student of martial arts. In that respect, the relationship between Bernstein and Liu was in the nature of student
 
 *258
 
 and teacher. Teachers and artisans are answerable for the damage caused by their scholars or apprentices, while under their superintendence. Responsibility attaches when the masters or employers, teachers and artisans, might have prevented the act which caused the damage, and have not done it. LSA-C.C. art. 2320. This article discloses another dimension of duty to Bernstein. Among others, there are questions of fact as to the competency and qualifications of Berry (as per the contract), the intended nature of the exercise in question, and the extent to which Liu may have prevented the damage that occurred.
 

 For these reasons, we reverse the summary judgment in favor of Liu and remand the matter for further proceedings.
 

 REVERSED.
 

 [1]
 

 .
 
 Gray
 
 v.
 
 Am. Nat'l Prop. & Cos. Co.,
 
 2007-1670 (La.2/26/08), 977 So.2d 839.;
 
 Irula
 
 v.
 
 Jean,
 
 06-927 (La.App. 5 Cir. 4/24/07), 958 So.2d 66 (citations omitted).
 

 [2]
 

 .
 
 Irula v. Jean, supra.
 

 [3]
 

 .
 
 Hanks v. Entergy Corp.,
 
 2006-477 (La. 12/18/06), 944 So.2d 564.
 

 [4]
 

 .
 
 Id.
 

 [5]
 

 .
 
 Cole v. State Dep't of Pub. Safety and Corrections,
 
 2001-2123 (La.9/4/02) 825 So.2d 1134.
 

 [6]
 

 .
 
 Id.